C4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :      Criminal No. *15 cu 554*

                                                 :

v.                                                :      Filed:

                                                 :

FRANK A. REICHL,                            :      Violation: 15 U.S.C. § 1

                                                 :

                       Defendant.             :

                                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - x


## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendant,

FRANK A. REICHL ("REICHL" or "defendant") hereby enter into the following Plea

Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal

Procedure ("Fed. R. Crim. P.").

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

1.      REICHL will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty

in the United States District Court for the District of New Jersey to a one-count Information, in

the form attached, in which he is charged with one count of violating 15 U.S.C. § 1 in connection

with a combination and conspiracy to suppress and eliminate competition in the sale and

marketing of liquid aluminum sulfate by agreeing to rig bids and allocate customers for, and to

fix, stabilize, and maintain the price of, liquid aluminum sulfate sold to municipalities and pulp

and paper companies in the United States from at least as early as 1997 and continuing until approximately July 2010.

2.      REICHL has entered into a waiver of the statute of limitations to allow him to be charged as described in the Information and this Plea Agreement.  REICHL knowingly and intentionally, and with advice of counsel, waives any defense arising from the computation of time related to any applicable statute of limitations arising from this violation.

3.      As set forth in Schedule A, which is hereby made a part of this Plea Agreement, REICHL knowingly and voluntarily agrees to waive the right to file any appeal, collateral attack, or other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, that challenges the sentence imposed by the Court if that sentence falls within or below the agreed United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") offense level set forth therein, regardless of how the sentence is determined by the Court.  REICHL agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

<u>DEFENDANT'S COOPERATION</u>

4.      REICHL will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the sale and marketing of liquid aluminum sulfate in the United States, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding").  Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the

2

commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of REICHL shall include, but is not limited to:

      a.    producing to the United States all non-privileged documents, information, and other materials, wherever located, in his possession, custody, or control, requested by the United States in connection with any Federal Proceeding;

      b.    bringing to the attention of the United States all crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

      c.    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

      d.    otherwise voluntarily providing to the United States any material or information, not requested in subparagraphs a to c of this paragraph, that is related to any Federal Proceeding;

      e.    when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

      f.    committing no further crimes whatsoever.

## GOVERNMENT'S AGREEMENT

5.      Subject to REICHL's full, truthful, and continuing cooperation, as described in Paragraph 4 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement, the United States will not bring further criminal charges against REICHL for any act or offense committed prior to the date of signature of this Plea Agreement that was in furtherance of any agreement to rig bids and allocate customers for, and to fix the price of, liquid aluminum sulfate supplied to municipalities and pulp and paper companies in the United States ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws or conspiracy to commit such offenses, or to any crime of violence.

6.      It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the United States will bring the fact, manner, and extent of REICHL's cooperation to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM PENALTIES

7.      REICHL understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

a.      a term of imprisonment for ten (10) years (15 U.S.C. § 1);

b.      a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1 and 18 U.S.C. § 3571(b) and(d));

4

  c.  a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, he could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3), 18 U.S.C. § 3583(b)(2) and (e)(3), and U.S.S.G. § 5D1.2(a)(2)).

  8.  In addition, REICHL understands that:

  a.  pursuant to U.S.S.G § 5E1.1 or 18 U.S.C. § 3583(d), the Court may impose an order of restitution to the victims of the offense; and

  b.  pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment upon conviction for the charged crime.

SENTENCING GUIDELINES

  9.  REICHL understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence. REICHL understands that the Court will make Sentencing Guidelines determinations by a preponderance of the evidence standard. REICHL understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

SENTENCING AGREEMENT

  10.  The United States and Reichl agree to stipulate at sentencing to the statements set forth in the attached Schedule A.

  11.  REICHL understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. REICHL acknowledges that the entry of his guilty plea to the charged

5

offense authorizes the sentencing judge to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence REICHL will receive. REICHL understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty. The United States will inform the Probation Office and the Court of (a) this Plea Agreement; (b) the nature and extent of REICHL's activities with respect to this case, and all other activities of REICHL which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of REICHL's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by REICHL both prior and subsequent to the signing of this Plea Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of REICHL therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of REICHL, and to supply any other information that the Court may require.

12.     If the United States determines that REICHL has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. § 5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence REICHL in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5), and thus impose, in the Court's discretion, a sentence below the applicable Sentencing Guidelines ranges for a term of

incarceration and/or a fine. The United States and REICHL are free to recommend or argue for any specific sentence to the Court.

13.    REICHL acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that REICHL has not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. § 5K1.1, but will not entitle REICHL to withdraw his guilty plea once it has been entered. REICHL further understands that whether or not the United States files its motion pursuant to U.S.S.G. § 5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

14.    In light of the availability of civil causes of action, in the District of New Jersey and elsewhere, which potentially provide for a recovery of a multiple of actual damages, the United States and REICHL agree that any sentencing recommendation either party may make to the Court will not include an order of restitution for the offense charged in the Information.

15.    REICHL understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of its sentence.

## REPRESENTATION BY COUNSEL

16.    REICHL has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. REICHL has thoroughly reviewed this Agreement with his attorney, and has received satisfactory explanations from his attorney concerning each paragraph of this Agreement and alternatives available to him other than

entering into this Agreement. After conferring with his attorney and considering all available alternatives, REICHL has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

17.     REICHL's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to REICHL as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

18.     REICHL agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that he has violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, facsimile transmission, or electronic mail, and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and REICHL shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. REICHL agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against him for any offense referred to in Paragraph 1 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

19.     REICHL understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on his violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution.  In addition, REICHL unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

20.     This Plea Agreement constitutes the entire agreement between the United States and REICHL concerning the disposition of the criminal charge contained in this case.  This Plea Agreement cannot be modified except in writing, signed by the parties.

21.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

Respectfully submitted,

Dated: _September 29, 2015_

_____
FRANK A. REICHL

_____
MICHAEL B. HIMMEL, ESQ.
Counsel for FRANK A. REICHL

_____
PATRICIA L. JANNACO
MARY ANNE F. CARNIVAL
FRANK A. CAVANAGH
Trial Attorneys, Antitrust Division
United States Department of Justice
26 Federal Plaza, Suite 3630
New York, New York 10278
Tel:    (212) 335-8034
Fax:    (212) 335-8023
Email: patricia.jannaco@usdoj.gov

9

## PLEA AGREEMENT WITH FRANK A. REICHL

### SCHEDULE A

1.    The United States and FRANK A. REICHL ("REICHL") recognize that the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") are not binding on the Court.  The United States and REICHL nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence REICHL in accordance with those stipulations.

2.    The version of the Sentencing Guidelines effective November 1, 2014 applies in this case.

3.    The offense with which REICHL is charged is a violation of 15 U.S.C. § 1.  The applicable guideline for that offense is U.S.S.G. § 2R1.1, which carries a Base Offense Level of 12.

4.    Specific Offense Characteristic U.S.S.G. § 2R1.1(b)(1) applies in that the conduct involved an agreement to submit noncompetitive bids.  The offense level is therefore increased by 1 level.

5.    Specific Offense Characteristic U.S.S.G § 2R1.1(b)(2)(D) applies because the volume of commerce attributable to REICHL is more than $100 million. This amount includes liquid aluminum sulfate contracts awarded to his employer that were subject to the conspiracy to which he will plead guilty pursuant to this Plea Agreement.  The offense level is therefore increased by 8 levels.

6.    An adjustment pursuant to U.S.S.G. § 3B1.1(c) applies because of  REICHL's aggravating role in the offense as an organizer, leader, manager, or supervisor in the criminal activity.  The offense level is therefore increased by 2 levels.

7.     The adjusted offense level is 23.

8.     As of the date of this Plea Agreement, REICHL has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if REICHL's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

9.     As of the date of this Plea Agreement, REICHL has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.  At sentencing, the United States will move for a further one-point reduction in REICHL's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) REICHL enters a plea pursuant to this agreement, (b) the United States in its discretion determines that REICHL's acceptance of responsibility has continued through the date of sentencing and REICHL, therefore, qualifies for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) REICHL's offense level under the Guidelines prior to the operation of  U.S.S.G. § 3E1.1(a) is 16 or greater.

10.    In accordance with the above, the parties agree that the total Sentencing Guidelines offense level applicable to REICHL is 20 (the "agreed total Sentencing Guidelines offense level").

11.    The parties agree that a sentence within the Sentencing Guidelines range that results from the agreed total Sentencing Guidelines offense level is reasonable.

12.    REICHL knows that, except as noted below in this paragraph, he voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Sentencing Guidelines range that results from the agreed total Sentencing Guidelines offense level of 20.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts any stipulation contained herein, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.